IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-2517-WYD-PAC

TERESA A. RUSHING,

    Plaintiff,

v.

ALEXANDER V. KOLOTOV,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court in connection with Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability (# 18) filed June 24, 2005.  This motion was referred to Magistrate Judge Coan for a recommendation by an Amended Order of Reference dated July 15, 2005.  A Recommendation of United States Magistrate Judge (# 28) was issued on January 30, 2005, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Coan recommends therein that Plaintiff's Motion be granted. Specifically, she found that because this case arises out of a criminal proceeding in the U.S. District Court for the District of Colorado, where the defendant was found guilty of abusive sexual contact in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506 (a Class B misdemeanor) and simple assault in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506 (another Class B misdemeanor), issue preclusion applies to Plaintiff's claims, as Plaintiff was the victim of Defendant's assault.  Magistrate Judge Coan

concluded that issue preclusion permitted summary judgment to be entered in favor of Plaintiff on her claims of assault and battery, outrageous conduct, and invasion of privacy.

Magistrate Judge Coan advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation. Recommendation at 9.  Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  Magistrate Judge Coan carefully analyzed whether issue preclusion applied to each of Plaintiff's claims and determined that it did.  Finding that issue preclusion properly applied to each of Plaintiff's claims, she recommended that Plaintiff's Motion for Partial Summary Judgment be granted.  Based on the foregoing, it

---

[1]Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

is hereby

ORDERED that the Recommendation of United States Magistrate Judge dated January 30, 2006, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability (# 18) filed June 24, 2005, is **GRANTED**.

Dated:  March 14, 2006

                BY THE COURT:

                s/ Wiley Y. Daniel
                Wiley Y. Daniel
                U. S. District Judge